UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                                    CIVIL ACTION

VERSUS                                           NUMBER: 10-00411

JUDGE ROSE LEDET,                                SECTION: "F"(5)
OFFICIALLY AND IN HER
PERSONAL CAPACITY; ET AL.

**REPORT AND RECOMMENDATION**

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915. (Rec. docs. 1,3). The latter statute provides, in pertinent part, as follows:

    (2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - -

                  * * * * * * * * * *

        (B) the action or appeal - -
           (i)  is frivolous or malicious;

           (ii)    fails to state a claim on which relief can be granted;

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).

The plain language of §1915(e)(2) mandates a court to dismiss a complaint or claim brought in forma pauperis if it is determined, at any time, that the action or claim is frivolous, fails to state a claim upon which relief can be granted, or if it seeks monetary damages from a defendant who is immune from such relief.

The first individual named as a defendant in this case, the Honorable Rose Ledet, is clearly a person to whom all subsections of §1915(e)(2)(B) would apply. As plaintiff is undoubtedly aware,[1]/ judges are protected by absolute immunity for actions taken in their judicial capacity. Mays v. Sudderth, 97 F.3d 107, 111 (5th cir. 1996). A judge does not lose the immunity he or she otherwise enjoys even if he or she was in error, took action maliciously, or acted in excess of his or her authority. Id. Rather, judicial immunity is lost only if the judge's act was not a judicial act or was performed in the clear absence of all

---

[1]/ In Price v. Lemmon, et al., 09-CV-7563 "I"(3), plaintiff such Judge Lemmon and Circuit Judges Higginbotham, Barksdale, and Elrod based on adverse rulings they had made against him in one of the various other lawsuits he has brought here, Price v. Housing Auth. of New Orleans, 07-CV-9741 "S"(5). On March 1, 2010, Judge Lemmon and the panel of Fifth Circuit Judges were dismissed from the case based on the absolute judicial immunity that they enjoy. Price, 09-CV-7563, rec. docs. 11, 13, 14. Price has since taken an appeal from the latter ruling. Id., rec. doc. 15.

jurisdiction. Id. at 111-12.

The acts of Judge Ledet of which plaintiff complains herein were all taken in connection with a lawsuit that was pending before her. Accordingly, any claim for monetary damages against Judge Ledet in her individual capacity falters due to the absolute judicial immunity that she enjoys.[2] Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). From an official capacity perspective, any claim against Judge Ledet would be barred by Eleventh Amendment immunity. Doris v. VanDavis, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009). Finally, to the extent that plaintiff's complaint can be read as asserting a claim for injunctive relief against Judge Ledet under 42 U.S.C. §1983, such would be foreclosed by the language of that statute itself as amended by the Federal Court Improvements Act. Id. at *3; Wilkerson v. Lanier, 2006 WL 2135224 at *3 (E.D. La. July 27, 2006). For these reasons, it will be recommended that plaintiff's claims against Judge Ledet be dismissed pursuant to §1915(e)(2)(B)(i)-(iii).

---

[2] Judicial immunity would be applicable to plaintiff's claims under 42 U.S.C. §§1983 and 1985, Mylett v. Mullican, 992 F.2d 1347, 1352 (5th Cir.), cert. denied, 510 U.S. 932, 114 S.Ct. 345 (1993), as well as plaintiff's claims under LSA-C.C. Article 2315. Marrogi v. Howard, 805 So.2d 1118, 1127 (La. 2002). The other statues cited in plaintiff's complaint are employment discrimination statutes that have nothing to do with Judge Ledet because she has never been plaintiff's actual or prospective employer.

3

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's claims against Judge Ledet be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  7th  day of        May       , 2010  .

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE