```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                              CIVIL ACTION

VERSUS                                     NUMBER: 10-00411

JUDGE ROSE LEDET,                          SECTION: "F"(5)
OFFICIALLY AND IN HER
PERSONAL CAPACITY; ET AL.
```

**ORDER**

Presently before the Court is plaintiff's motion to recuse the undersigned from the above-captioned proceeding. (Rec. doc. 8). For the reasons that follow, it is ordered that plaintiff's motion is denied.

This case originally came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915. (Rec. doc. 1, 3). As part of that screening process, on May 7, 2010 the Court issued a Report and Recommendation ("R&R") recommending that plaintiff's claims against defendant, Judge Rose Ledet, be dismissed on grounds of judicial immunity. (Rec. doc. 6). On May 24, 2010, plaintiff filed an objection to the aforementioned

R&R as well as the motion that is presently before the Court. (Rec. docs. 9, 8).

Citing 28 U.S.C. §453,[1]/ plaintiff takes exception with the R&R issued by the undersigned as constituting "... unadulterated bias and prejudice, masquerading as judicial acts." (Rec. doc. 8, p. 2). Plaintiff complains that the R&R fails to reveal that the undersigned presided as the assigned Magistrate Judge in two cases that he previously filed here, 09-CV-7563 and 07-CV-9741, and that the Court somehow "... has an interest in the outcome in case 09-cv-7563." (Rec. doc. 8, p. 2). Plaintiff additionally complains that the R&R failed to reveal that the District Judge who handled 09-CV-7563, a case in which Judge Mary Ann Vial Lemmon was a named defendant, was the presiding Magistrate Judge in one of plaintiff's earlier cases, 98-CV-1423, and had brokered a settlement agreement in that case which was subsequently thwarted by Judge Lemmon in a group of other consolidated cases plaintiff had filed. (Id.). On these points, plaintiff is mistaken.

The case entitled Price v. Lemmon, et al., 09-CV-7563 "I" (3) was assigned to District Judge Lance M. Africk and Magistrate Judge Daniel E. Knowles. The undersigned thus issued no rulings and took

---

[1]/ The cited statute contains the oath or affirmation that justices and judges of the United States courts are required to take before performing the duties of their offices.

no action in that case and has no interest whatsoever in its outcome. In the second case cited by plaintiff, Price v. Housing Authority of New Orleans, et al., 07-9741 "S"(5), the sole action taken by the undersigned was to issue an order directing plaintiff to re-notice a motion for sanctions he had filed before the District Judge as it was intimately related to a motion for summary judgment that was pending before her. (Price, 09-CV-7563, rec. doc. 32). Whatever actions other judicial officers may have taken in other cases plaintiff has filed here is not attributable to the undersigned.

To the extent that plaintiff's motion can be construed as one brought under 28 U.S.C. §144, it is unaccompanied by the affidavit and certificate of good faith required by that statute and for that reason must be denied. Capizzo v. State, 1999 WL 539439 at *1 (E.D. La. July 22, 1999). Construed as a motion brought under 28 U.S.C. §455(a), plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's partiality. Patterson v. Mobil Oil Corp., 335 F.3d 476, 484 (5th Cir. 2003), cert. denied, 540 U.S. 1108, 124, S.Ct. 1071 (2004), a showing which must be based on specific facts so as to avoid giving the parties a random veto over the assignment of judges. Capizzo, 1999 WL 539439 at *1. Moreover under §455(a), any bias or prejudice must derive from an

extrajudicial source. Id. at *2.

Plaintiff's mistaken and subjective beliefs fail to rise to a level sufficient to warrant recusal. A judge is not considered to be biased simply because he or she has ruled against a party in the same or a prior judicial proceeding. In re Hipp, 5 F.3d 109, 116 (5th Cir. 1993). Plaintiff also fails to point to any evidence demonstrating that I have actual knowledge of disputed evidentiary facts or that I harbor bias or prejudice toward any party so as to warrant recusal under 28 U.S.C. §455(b)(1). For all these reasons, plaintiff's motion to recuse is denied.

New Orleans, Louisiana, this 27th day of May, 2010.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE